McGean *v.* McGean.

PAULINE C. McGEAN

*v.*

JAMES J. McGEAN.

[Decided June 22d, 1900.  Filed February 11th, 1901.]

Petitioner was a domiciled resident of the State of New York; was married there, and abandoned by her husband a few days after the marriage under aggravating circumstances. She consulted New York counsel and was by him advised that she had no remedy in New York, but must come to New Jersey. She came to New Jersey, took up her abode with a friend, paying a little board, but spending much of her time with her parents in New York. At the end of two years she filed a petition for divorce on the ground of desertion. The defendant was not served within the state, and did not appear to the suit. She testified that she came to New Jersey for the purpose of obtaining a divorce, but that she intended to make it her permanent home.—*Held,* that the proof did not establish such a residence in this state as is necessary to give the court jurisdiction.

Petition for divorce. Heard *ex parte* on exceptions to master's report declining to advise a decree for petitioner.

*Miss Mary Philbrook,* for the petitioner.

PITNEY, V. C.

The petition was filed on the 3d of October, 1899. On failure to find the defendant within the state for service of process, order of publication was taken against him as a non-resident.

No service of any kind was made within the state. He did not appear, and the usual order of reference was made to a master to take depositions and report.

The ground of relief alleged in the petition is desertion.

The master reported against the divorce on two grounds: First, that it did not sufficiently appear that the desertion complained of was willful and continued for the period of two years; second, that the petitioner was not a domiciled resident of the State of New Jersey.

Exceptions to this report were filed, and came on for hearing, and the petitioner was permitted to produce further proofs in support of her case, by evidence taken orally before the court.

The facts developed are as follows: Petitioner and defendant, at the time of the marriage, were both domiciled residents of the city of Brooklyn, in the State of New York, and neither of them had ever lived in New Jersey. They were married on September 9th, 1897, in the city of New York; cohabited for one night, and then separated for a few days by mutual consent. They saw one another in the petitioner's mother's parlor for one evening a few days after the marriage. The defendant lived at his mother's house in Brooklyn. He was dissipated and worthless to the last degree.

Shortly after, and during the month of September, he wrote the petitioner an abusive and offensive letter, in which he called her vile names, and stated, in effect, that she had taken advantange of him while drunk to marry him; that the marriage was not binding, and that he would not recognize it.

The petitioner and her mother (her father being disabled by impaired health) at once consulted counsel, and were advised by him that the petitioner had, and could have, no remedy in the State of New York, and advised her to go to New Jersey.

Petitioner then, on October 1st, 1897, came to Jersey City, and took up her abode with a Mr. and Mrs. Nelson, friends of her father and mother. Mr. Nelson belongs to the fire department of Jersey City, and is away from home at night continuously, except for one night in ten. His wife and children occupy apartments, without a spare room. The petitioner occu-

McGean v. McGean.

pied the same room with Mrs. Nelson, assisted her in domestic work, and paid $4 a month for board. She visited her mother in Brooklyn frequently.

This petition was filed on the 3d of October, 1899, barely two years from the time the petitioner swears that she took up her residence in New Jersey.

The avowed object of coming here was to obtain a divorce from her husband. She swears that she intends always to live in New Jersey; and her mother swears that as soon as she and her husband can dispose of some real estate they have in Brooklyn they intend also to come to New Jersey and live.

It is quite manifest that the reason why the petitioner came to New Jersey was that, by the laws of New York, she could not obtain a divorce from her husband on the ground of desertion, while that matrimonial offence is sufficient in New Jersey.

With regard to the first ground taken by the master, I am not sure that the evidence does not warrant the belief that the desertion by the husband was, from the beginning, sufficiently decided and obstinate to warrant him in finding otherwise than as he did on that point. It is quite certain that what occurred during the month of October and part of November, 1897, did show his intention unmistakably.

But without passing upon that ground relied on by the master, I think that the second ground, namely, the lack of a *bona fide* domiciled residence in New Jersey, is fatal to the petitioner's claim.

A long line of cases in this state has settled beyond dispute the ground of jurisdiction to entertain suits for divorce where the defendant is a non-resident, and is not served with process within the jurisdiction of the state, and does not appear to the suit, and that is, that there must be a *bona fide* domiciled residence by the complainant or petitioner within the state for the requisite period. I refer to *Doughty* v. *Doughty, 1 Stew. Eq. 581; Fairchild* v. *Fairchild, 8 Dick. Ch. Rep. 678; Felt* v. *Felt, 12 Dick. Ch. Rep. 101; S. C., 14 Dick. Ch. Rep. 606; Streitwolf* v. *Streitwolf, 13 Dick. Ch. Rep. 563; Dumont* v. *Dumont, 45. Atl. Rep. 107.*

McGean *v.* McGean.

The character of the required domiciled residence in a case like this is stated in this wise by Mr. Justice Gummere, speaking for the court of errors and appeals, in *Magowan* v. *Magowan, 12 Dick. Ch. Rep. 324:* "To effect a change of domicile, not only must the residence at the place chosen for the new domicile be actual, but to the *factum* of residence there must be added the *animus manendi.*"

In each of the cases of *Streitwolf* v. *Streitwolf* and *Dumont* v. *Dumont,* the plaintiff swore most positively in the foreign jurisdiction, when applying for his divorce, that it was his intention always to reside in the territorial jurisdiction of the court; and the court acted upon that declaration; but in both cases the divorce was no sooner granted than the parties were back at their former residence, and, in the *Dumont Case,* the plaintiff engaged in his former business. In fact, it is quite common knowledge that in all these cases where parties leave one jurisdiction and take up a nominal residence in another, for the purpose of taking advantage of the favorable laws of that jurisdiction to obtain a divorce, they invariably push their conscience to the point of swearing in the most solemn manner that they intend to make that place their permanent residence; but the intention is changed as soon as the divorce is granted.

The evidence in this case does not satisfy me that the petitioner took up her residence, such as it was, in New Jersey for the purpose of making this her permanent home; and I am therefore of the opinion that this court obtained no jurisdiction to pronounce a decree of divorce between the parties.

The master's report must be sustained, and the petition dismissed.